UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            )<br>        Plaintiff, )<br>            )<br>    v.      )<br>            )<br>SMITH & WESSON SD40VE PISTOL )<br>CAL 40 SERIAL NUMBER HFN2745; and )<br>13 ROUNDS WINCHESTER-WESTERN )<br>AMMUNITION CAL 40, )<br>            )<br>        Defendants. ) | Cause No. 1:18-cv-3052 |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Jeffrey D. Preston, Assistant United States Attorney, alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil in rem action seeking forfeiture of property pursuant to 18 U.S.C. § 924(d), and pursuant to 31 U.S.C. § 5317(c)(2).

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in district in which any of the acts giving rise to the forfeiture occurred).

3. This Court has in rem jurisdiction over the defendant property under 28 U.S.C.

§ 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture occurred in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant Property consists of a Smith & Wesson SD40VE Pistol Caliber 40 Serial Number HFN2745 ("Smith & Wesson Pistol"), Asset Identification Number: 15-ATF-023108; and 13 Rounds Winchester-Western Ammunition Caliber 40 ("Ammunition"), Asset Identification Number: 15-ATF-023109, (jointly "Defendant Property") seized from Renaldo P. Logan ("Logan") during a traffic stop around the 7200 block of East Washington Street in Indianapolis, Indiana, on December 23, 2014.

6. The Smith & Wesson Pistol meets the definition of a firearm as described in the Gun Control Act ("GCA"), 18 U.S.C. § 921(a)(3).

7. The Ammunition meets the definition of ammunition as described in the GCA, 18 U.S.C. § 921(a)(17)(A).

## FACTS

8. On October 16, 2014, Speedway Police Department officers were dispatched to the Buffalo Wild Wings located at 6129 Crawfordsville Road, following reports of a disturbance and shots fired. *See United States v. Renaldo Logan*, Case No. 1:15-cr-00119-SEB-DML ("the Criminal Case") (Docket No. 38 at p. 1.)   The shooter was described as a black male, approximately 5' 8" tall, wearing a red "IU" hat, black framed eyeglasses, a red jacket, and two

large gold chains with a cross, who had accompanied a taller black male with dreadlocks who was wearing an olive sweatshirt and jeans. *Id*. Both fled the scene in a blue Saab with an Indiana University license plate. *Id*.

9. Officers quickly located the blue Saab and identified the driver as Renaldo Logan, who matched the description of the shooter. *Id*. A Glock GMBH 19 Pistol Cal. 9, Asset Identification Number: 15-ATF-022278 ("Glock Pistol"), and 14 Rounds PMC Ammunition Cal. 9, Asset Identification Number: 15-ATF-022279 ("PMC Ammunition") were found near the center console. *Id*. The firearm had been reported stolen on December 31, 2013. Criminal Case, Docket 38 at p. 2. Officers also found user quantities of marijuana, Oxycodone, and almost $3,000 in United States Currency. *Id*.

10. The Buffalo Wild Wings manager identified both Bailey and Logan through a show-up identification procedure. *Id*. The manager further identified Logan as the individual who fired the handgun in the parking lot. *Id*.

11. On December 23, 2014 at 1:30 p.m. Indiana State Police ("ISP") Trooper Justin Hobbs ("Trooper Hobbs") was on patrol at or around 7200 East Washington Street and ran a registration check on a blue 1999 Saab. The registered owner of the vehicle was confirmed to be Logan. Law enforcement records indicated that Logan's learner's permit that expired on January 31, 2008, was also suspended. Trooper Hobbs pulled Logan's vehicle over as Logan met the description of the owner. The driver identified himself as Renaldo Logan through his Indiana Identification Card. His passenger identified herself as Ashley N. Jefferson ("Jefferson") through her Indiana Driver's License.

12. Logan informed Trooper Hobbs that they were out Christmas shopping for their son. As Trooper Hobbs made contact through the open car window, he smelled a strong odor of raw marijuana emitting from the interior of the vehicle. Trooper Hobbs also observed a glass

jar with plant material in plain view on the rear floorboard behind the driver's seat. Based upon his training and experience, he recognized this material to be consistent with suspected marijuana.

13. At one point during the exchange, Trooper Hobbs observed Jefferson reach under her seat, in an attempt to conceal an item or items. Trooper Hobbs asked Jefferson what she was doing. Jefferson reached down to the floorboard to retrieve and subsequently handed him a firearm. The retrieved firearm was the Smith & Wesson Pistol subject to this case. There was one round of ammunition in the chamber and twelve rounds in the magazine and is the Ammunition subject to this case. Trooper Hobbs took possession of and unloaded the Smith & Wesson Pistol.

14. Trooper Hobbs removed and handcuffed each occupant and proceeded to search the vehicle. During the search, Trooper Hobbs located one plastic bag containing suspected marijuana under the driver's seat, one glass jar containing two plastic bags containing suspected marijuana in plain view, and a digital scale in the center console. Based upon his training and experience, he was aware that the scale was likely used to weigh illegal drugs.

15. Trooper Hobbs advised Jefferson of her Miranda rights, and she stated that she understood them. Jefferson informed Trooper Hobbs that the marijuana and the gun inside the vehicle belonged to Logan. She further stated that Logan pulled the handgun from between the driver seat and center console and handed it to her to hide before the vehicle was stopped. She stated that Logan is involved in dealing marijuana and has a prior history of trafficking.

16. Trooper Hobbs subsequently advised Logan of his Miranda rights who stated that he understood them. Logan exclaimed, "just take me to jail and let her go, she hasn't nothing to do with it." Logan admitted that the marijuana and the Smith & Wesson Pistol belonged to him. Logan further stated that he does not possess a gun permit and was currently on Marion

County house arrest, evidenced by a monitoring device around his ankle. Logan did not want to provide any further statements. Logan was transported to the Arrestee Processing Center in Marion County, where he was processed and confined for drug and gun charges. All evidence seized was submitted to ISP Laboratory for analysis.

17. On May 27, 2015, a Criminal Complaint was filed in the Federal District Court for the Southern District of Indiana charging Renaldo Logan with being a convicted Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Counts One and Two). *See United States v. Renaldo Logan*, Case No. 1:15-cr-00119-SEB-DML ("the Criminal Case") (Docket No. 1).

18. On July 7, 2015, an Indictment was filed in the Federal District Court for the Southern District of Indiana charging Renaldo Logan with being a convicted Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Counts One and Two). *See United States v. Renaldo Logan*, Case No. 1:15-cr-00119-SEB-DML ("the Criminal Case") (Docket No. 13). Specifically, Count One charged Logan with being a felon in possession of the Glock Pistol and the PMC Ammunition. *Id*. Count Two charged Logan with being a felon in possession of the Smith & Wesson Pistol and Ammunition subject to this action. *Id*.

19. The Indictment notified Logan of the Office of the United States Attorney's intent to pursue forfeiture of "any firearm or ammunition involved in or used in" the offenses, pursuant to 18 U.S.C. §§ 924 and 2253 and 28 U.S.C. § 2461. *Id.*

20. On November 5, 2015, Logan filed his Petition to Enter a Plea of Guilty to Count One was filed wherein he agreed to plead guilty to Count One of the Indictment, that of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Criminal Case, Docket No. 28.

21. Logan has admitted that he had been previously convicted of a crime punishable by more than one (1) year of imprisonment. Criminal Case, Docket No. 38 at p. 2.

22. On September 13, 2016, the Court accepted Logan's plea of guilty to being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g) (1) (Count One) and adjudged him guilty. Criminal Case, Docket No. 41. Because Logan had entered a plea of guilty to Count One of the Indictment, the United States moved to dismiss Count Two of the Indictment. Criminal Case, Docket No. 43. Count Two of the Indictment was dismissed on September 16, 2016. Criminal Case, Docket No. 44. A Judgment in a Criminal Case was entered finding him guilty of Count One, sentencing him to 108 months imprisonment, assessing a Special Assessment of $100, and providing for the forfeiture of the Glock Pistol and the PMC Ammunition. Criminal Case, Docket No. 45. On November 17, 2017, a Final Order of Forfeiture was issued by the Court forfeiting the Glock Pistol and the PMC Ammunition to the United States. Criminal Case, Docket No. 54.

23. The Smith & Wesson Pistol and the Ammunition are subject to forfeiture in this civil in rem forfeiture action pursuant to the Gun Control Act ("GCA"), as amended, as it is unlawful for certain persons, including felons (*i.e.* persons convicted of crimes punishable by more than one year in prison), unlawful drug users and illegal aliens, to possess firearms or ammunition. *See* 18 U.S.C. § 922(g). As discussed above, Logan was in possession of the Smith & Wesson Pistol and Ammunition and is a convicted felon and thus the Defendant Property is subject to forfeiture under 18 U.S.C. § 924(d).

24. The Defendant property was transferred to the United States Bureau of Alcohol, Tobacco and Firearms ("ATF") by ISP on September 2, 2015. ATF did not initiate administrative forfeiture proceedings concerning the Defendant property, as a judicial forfeiture action was initiated through the filing of the Criminal Case.

6

## PERTINENT STATUTES AND REGULATIONS

25. The Gun Control Act ("GCA"), as amended, makes it unlawful for certain persons, including felons (*i.e.* persons convicted of crimes punishable by more than one year in prison), unlawful drug users and illegal aliens, to possess firearms or ammunition. *See* 18 U.S.C. § 922(g). Possession may be either actual or constructive; it need not be exclusive but may be joint. *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990).

26. Further, the GCA makes it unlawful for a person who is an unlawful user of any controlled substance to ship, transport, possess, or receive any firearm or ammunition. *See* 18 U.S.C. § 922(g)(3).

27. Title 18, United States Code, Section 924(d) provides that any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924, "or willful violation of any other provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States . . . shall be subject to seizure and forfeiture."

## CLAIM FOR RELIEF

28. Based on the above factual allegations, there is probable cause to believe that Logan shipped, transported, possessed, or received the Defendant Property in violation of 18 U.S.C. § 922(g) and that the Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d).

WHEREFORE, the United States prays that process of warrant in rem issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:   *s/Jeffrey D. Preston*
      Jeffrey D. Preston
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Fax: (317) 226-5027

## VERIFICATION

I, Cory Miles, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with ATF.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 9-28-18

Cory Miles
Special Agent

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                           )<br>              Plaintiff,             )<br>                                                           )<br>       v.                                        )<br>                                                           )<br> SMITH & WESSON SD40VE PISTOL    )<br> CAL 40 SERIAL NUMBER HFN2745; and )<br> 13 ROUNDS WINCHESTER-WESTERN  )<br> AMMUNITION CAL 40,              )<br>                                                           )<br>              Defendants.          ) | Cause No. 1:18-cv-3052 |

## WARRANT FOR ARREST OF PROPERTY

TO:      ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the ____ day of _____, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against a Smith & Wesson SD40VE Pistol Caliber 40 Serial Number HFN2745 and 13 Rounds Winchester-Western Ammunition Caliber 40, defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant property into the possession of the United States Bureau of Alcohol, Tobacco and Firearms ("ATF") for the Southern District of Indiana, to be detained in the possession of the ATF until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____                    _____
                                                                          Laura A. Briggs, Clerk
                                                                          United States District Court
                                                                          Southern District of Indiana

Distribution:

Renaldo Logan #12740-028
USP Hazelton
1640 Sky View Drive
Bruceton Mills, WV   26525

Ashley Jefferson
5811 Regal Court
Indianapolis, IN   46234

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.